UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NUMBER: 5:26CV-328-BJB

THOMAS WEST PLAINTIFF

VS.

THE CITY OF OAK GROVE

Serve: Jackie Oliver, Mayor
City of Oak Grove
8505 Pembroke Oak Grove Road
P.O. Box 250
Oak Grove, KY 42262

AND

OAK GROVE POLICE DEPT

Serve: Victor Lynch
Chief of Police
152 Stateline Road
P.O. Box 208
Oak Grove, KY 42262

AND

RICHARD COBB, Individually and
In his Official Capacity as an Officer
of the Oak Grove Police Department DEFENDANTS

Serve: Richard Cobb
152 Stateline Road
Oak Grove, KY 42262

**COMPLAINT**

1. The Plaintiff, Thomas West, at all times relevant, is a citizen and resident of Clarksville, Tennessee.

2. The Defendant, Richard Cobb, at all times relevant, was a Police Officer with the Oak Grove Police Department in Oak Grove, Kentucky ("Officer Cobb").

3. The Defendant, Oak Grove Police Department, at all times relevant, was responsible for the establishment of policies, either formally or by custom, regarding employment, training, supervision, and conduct of Defendant Cobb. The Oak Grove Police Department is a subdivision and one of the agencies of the City of Oak Grove, Kentucky.

4. The Defendant, The City of Oak Grove, is a home rule-class city in Christian County, Kentucky, and was at all times relevant hereto the public employer of Defendant, Officer Cobb.

5. At all relevant times Oak Grove Police Department Officer Cobb was acting in the course and cope of his employment as an Officer of the Oak Grove Police Department, for purposes of the Oak Grove Police Department, under color of law, and pursuant to his actual and apparent authority as an Officer of the Oak Grove Police Department.

6. Each of the claims asserted against Officer Cobb is asserted against him in his individual capacity and in his official capacity with the City of Oak Grove Police Department, unless expressly stated otherwise.

7. Plaintiff's allegations include the following claims brought under 42 U.S.C. § 1983: unlawful search and seizure, unlawful detention and confinement, excessive force, false arrest and false imprisonment, malicious prosecution and right to free speech. The Complaint also asserts the following claims under Kentucky state law: assault, battery, abuse of process, malicious prosecution and false arrest/false imprisonment.

8. This Court has original federal question jurisdiction over this action under 28 U.S.C. §§ 1331 as Plaintiff alleges five separate counts arising under 42 U.S.C. § 1983. The specific counts arising under 42 U.S.C. § 1983 are Counts I, II, III, VII and X.

9. This Court has supplemental jurisdiction over the state law claims in accordance with 28 U.S.C. § 1367. Each of the state law claims arises from the same facts and circumstances as the Plaintiff's federal law claims.

10. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a) because the facts that gave rise to the Plaintiff's allegations all occurred in Christian County, Kentucky, which is located within the Western District of Kentucky, Paducah Division.

## FACTUAL ALLEGATIONS

11. On March 9, 2026, Plaintiff Thomas West was hired to perform repair services on a tractor trailer rig located at the Pilot gas parking lot located at 9190 Pembroke Oak Grove Road in Oak Grove, Kentucky.

12. The driver of the tractor trailer rig agreed upon a price for the Plaintiff's services, and the work was timely and properly performed.

13. At the conclusion of the work, the Plaintiff requested payment, and payment was refused. When the driver attempted to leave, the Plaintiff exercised his statutory right to claim a possessory lien on the vehicle.

14. The dispute between the Plaintiff and the driver resulted in law enforcement being called.

15. At approximately 5:00 p.m. on March 9, 2026, Officer Cobb of the Oak Grove Police Department was dispatched to the Pilot gas station parking lot and, upon arrival, observed a civil dispute over services rendered for the mechanical work to a truck for which the Plaintiff had not received payment. Officer Cobb was allegedly attempting to

explain the "civil nature" of the dispute; however, the officer's advice and admonitions were legally incorrect.

16. Specifically, Officer Cobb informed the Plaintiff that the matter was civil in nature and that the driver could leave. The Plaintiff indicated that, if he was not going to be paid, he was going to remove the parts that he had installed on the tractor trailer. Officer Cobb indicated that the Plaintiff would be prohibited from doing so, and The Plaintiff informed Officer Cobb: "You can just leave if you are not going to do your fucking job."

17. Ultimately, the Plaintiff was charged with disorderly conduct, detained, and taken to jail.

18. The Plaintiff was charged in Case No. 26-M-304 in the Christian District Court. This charge has now been dismissed with prejudice.

**COUNT I - Violation of 42 U.S.C. § 1983 - Unlawful Search and Seizure**

19. All preceding paragraphs are incorporated by reference.

20. At all times relevant hereto, Plaintiff possessed a right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures and to be secure in his person, personal effects, and property.

21. At all times relevant hereto, Plaintiff possessed a right under the Fifth and Fourteenth Amendments to the United States Constitution to be free from deprivation of his liberty or property without due process of law.

22. Under color of law, Officer Cobb denied Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution or other federal law by: (a) conducting an unreasonable search and seizure of Plaintiff and his person without due process of law and without probable cause; (b) by unlawfully seizing the Plaintiff and

holding him against his will, thereby depriving him of liberty without due process of law and without probable cause; and thereby depriving him of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

23. As a result of the unlawful and malicious search, seizure, and arrest by Officer Cobb, Plaintiff was deprived of liberty without due process of law and in violation of his right to equal protection under the laws, and in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

24. The conduct of Officer Cobb violates clearly established constitutional rights of which a reasonable officer would have known.

25. The conduct of Officer Cobb constituted a reckless and/or callous indifference to Plaintiff's federally protected rights.

26. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, wage loss, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

**COUNT II - Violation of 42 U.S.C. § 1983 – Unlawful Detention and Confinement**

27. All preceding paragraphs are incorporated by reference.

28. As a result of the concerted unlawful and malicious detention and confinement of the Plaintiff, Officer Cobb deprived the Plaintiff of liberty without due

process of law, without probable cause, and in violation of his right to equal protection of the laws, all in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

29. The conduct of Officer Cobb violates clearly established constitutional rights of which a reasonable officer would have known.

30. The aforementioned detention and confinement of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

31. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, wage loss, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

**COUNT III - Violation of 42 U.S.C. § 1983 - Excessive Force**

32. All previous paragraphs are incorporated by reference.

33. Officer Cobb under color of law used unreasonable force on Plaintiff.

34. The force used by Officer Cobb was objectively unreasonable, in that the Plaintiff's conduct did not constitute a crime, there was no threat of danger to Officer Cobb or any other, and Plaintiff did not try to resist or flee in any manner.

35. Officer Cobb acted with deliberate indifference and gross negligence and denied Plaintiff of his rights, privileges, and/or immunities secured by the United States Constitution by depriving him of the right to be free from excessive force,

unreasonable seizures, and cruel and unusual punishment under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

36. The conduct of Officer Cobb violates clearly established constitutional rights of which a reasonable officer would have known.

37. The aforementioned use of excessive force and unreasonable seizure of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

38. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, wage loss, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

**COUNT IV - Assault**

39. All prior paragraphs are incorporated by reference.

40. The actions of Officer Cobb constituted unlawful acts which placed the Plaintiff in reasonable apprehension of receiving an immediate battery.

41. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, indignity, loss of civil rights, compulsion, mental and physical pain and suffering, emotional distress and anguish, wage loss,

embarrassment, and humiliation, and Plaintiff is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

42. The actions of Officer Cobb in assaulting the Plaintiff justify an award of punitive damages against Defendants.

43. The City of Oak Grove is liable for the torts of Officer Cobb.

**COUNT V-Battery**

44. All prior paragraphs are incorporated herein.

45. Without the consent of the Plaintiff, Officer Cobb intentionally, harmfully, and offensively touched the Plaintiff as described above.

46. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, wage loss, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

47. The actions of Officer Cobb in battering the Plaintiff justifies an award of punitive damages.

48. The City of Oak Grove is liable for the torts of Officer Cobb.

**COUNT VI- Abuse of Process**

49. All prior paragraphs are incorporated by reference.

50. After seizing the Plaintiff, Officer Cobb arrested him and instituted criminal judicial proceedings against him as more specifically described above.

51. Officer Cobb knew at the time that he instituted the criminal judicial proceeding that he lacked probable cause to substantiate the above-referenced charges.

52. Officer Cobb instituted the criminal judicial proceedings for an ulterior motive.

53. Officer Cobb's ulterior motives for instituting the criminal judicial proceedings were (1) to excuse and cover up his unlawful search and seizure of the Plaintiff and use of force against the Plaintiff; (2) to secure leverage against the Plaintiff with which to intimidate, coerce, threaten, or compel the Plaintiff not to challenge his conduct; (3) to punish and retaliate against the Plaintiff for voicing his objections to Officer Cobb's conduct; and (4) to silence the Plaintiff's right to free speech.

54. Officer Cobb committed willful acts in the institution of the criminal judicial proceedings that were not proper in the regular conduct of the proceeding.

55. Officer Cobb's willful acts were (1) abusing his police powers by instituting criminal charges based upon false factual accusations against the Plaintiff; (2) abusing his police powers by instituting criminal charges when he knew he lacked probable cause to assert; (3) instituting criminal charges for purposes for which they were not intended (i.e. covering up and excusing his prior unlawful conduct, securing leverage against the Plaintiff to prevent him from challenging his conduct, retaliating against Plaintiff, and depriving him of his right to free speech); and (4) pursuing, in concert with others, the false criminal charges against the Plaintiff while simultaneously offering to dismiss the

charges against him in exchange for a judicial admission from the Plaintiff that would have jeopardized the Plaintiff's civil claims against him.

56. The aforementioned conduct was a form of coercion intended to obtain a collateral advantage not properly involved in the proceeding itself, using the institution of the proceeding as a threat or club.

57. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, wage loss, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

58. The City of Oak Grove is liable for the torts of Officer Cobb.

## COUNT VII - Malicious Prosecution

59. All prior paragraphs are incorporated by reference.

60. Officer Cobb instituted or caused to be instituted against the Plaintiff the criminal charges set forth above.

61. Officer Cobb instituted and pursued the charges against the Plaintiff with malice.

62. Officer Cobb lacked probable cause to substantiate the charges that he instituted or caused to be instituted.

63. The charges were terminated in favor of the Plaintiff.

64. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, wage loss, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

65. The City of Oak Grove is liable for the torts of Officer Cobb.

**COUNT VIII -- 42 U.S.C. §1983 Malicious Prosecution**

66. All prior paragraphs are incorporated herein.

67. The above referenced criminal charges were made against the Plaintiff, and Officer Cobb, acting under color of law, made, influenced, or participated in the decision to prosecute.

68. There was a lack of probable cause for the criminal prosecution.

69. As a consequence of the criminal charges, the Plaintiff suffered a deprivation of liberty, including without limitation arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution.

70. Officer Cobb instituted and pursued the charges against the Plaintiff with malice.

71. The criminal charges were terminated in favor of the Plaintiff.

72. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest,

detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, wage loss, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

73. As a direct and proximate cause of the acts of Officer Cobb, Plaintiff suffered a deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983, and suffered damages.

**<u>COUNT IX - False Arrest/False Imprisonment</u>**

74. All prior paragraphs are incorporated by reference.

75. Officer Cobb detained the Plaintiff and deprived the Plaintiff of his liberty by violence, threats, coercion, and physical restraint.

76. The detention and deprivation were wrongful, improper, or without reasonable justification, authority, or privilege.

77. As a direct and proximate cause of the foregoing detention and deprivations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, wage loss, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

78. Plaintiff suffered damages as a result of the aforementioned conduct.

79. The City of Oak Grove is liable for the torts of Officer Cobb.

**COUNT X-42 U.S.C. § 1983 Violation of Plaintiffs' Right to Free Speech**

80. Officer Cobb, acting under color of law, assaulted, battered, seized, detained, arrested, charged, and prosecuted the Plaintiff in retaliation for the Plaintiff instructing Officer Cobb to do his job and objecting to Officer Cobb's presence, actions, and demeanor.

81. The freedom to express disagreement with state action and verbally oppose or challenge police action without risking arrest, even if such opposition or challenge is disrespectful, is a fundamental protection of the First Amendment and, according to the United States Supreme Court, "is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill*, 482 U.S. 451, 462-63 (1987).

82. Officer Cobb's conduct infringed upon the Plaintiff's exercise of free speech, sought to punish him for exercising his fundamental constitutional rights, deprived him of his right to free speech, and violated the First and Fourteenth Amendments to the United States Constitution.

83. As a direct and proximate cause of the acts of Officer Cobb, Plaintiff suffered a deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

84. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, booking, arraignment, transportation while under arrest,

loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, wage loss, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

WHEREFORE, the Plaintiff respectfully demands judgment against the Defendants as follows:

1. For judgment entered against the Defendants on each claim asserted;

2. For actual, special, punitive, statutory, and compensatory damages, in an amount greater than the jurisdictional minimum;

3. For the Plaintiff's reasonable attorney's fees and costs; and

4. For a trial by jury;

5. For any other relief to which the Plaintiff may be entitled.

This 18th day of November, 2026.

/s/ Matthew J. Baker
Matthew J. Baker
561 East Main Avenue
Bowling Green, KY 42101
Telephone: (270) 746-2385
Facsimile: (270) 746-9621
E-Mail: mbakerlaw@bellsouth.net